# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0275V
Filed: January 7, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
MAUREEN MCGRATH,

     Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

     Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * *

Damages Decision Based on Proffer; Tetanus, Diphtheria, Pertussis ("Tdap") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU")

*Isaiah Kalinowski*, Maglio Christopher Toale, PA, Washington, DC, for petitioner.
*Alexis Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 17, 2015, Maureen McGrath filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq., [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered "injuries resulting from adverse effects" of her August 28, 2012 Tdap vaccination, including a tendon tear, and left shoulder pain. Petition at 1, ¶¶ 3, 7. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On August 11, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for a Shoulder Injury Related to Vaccine Administration ("SIRVA"). On January 7, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded **$82,438.44** in actual and projected pain and suffering and **$2,561.56** in past unreimbursable expenses **for a total award of $85,000.00**. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Additionally, petitioner's counsel filed a notice reiterating that petitioner accepts respondent's proffer. (ECF 31). Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner $82,438.44 in actual and projected pain and suffering and $2,561.56 in past unreimbursable expenses for a lump sum payment of $<u>85,000.00</u> in the form of a check payable to petitioner, Maureen McGrath.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MAUREEN MCGRATH, ) | |
| ) | |
| Petitioner, ) | |
| ) | **No. 15-275** |
| v. ) | **Chief Special Master Dorsey** |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER OF DAMAGES**

**I.    Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on August 10, 2015.

   A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $82,438.44 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

   B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,561.56. Petitioner agrees.

   C.    Lost Wages

The parties agree that based upon the evidence of record, petitioner's vaccine-related injury has not impaired her earning capacity. Therefore, respondent proffers that petitioner

should be awarded no lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $85,000.00 in the form of a check payable to petitioner.[1]  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

<div style="margin-left: 50%;">

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Tort Branch, Civil Division

ALTHEA W. DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Alexis B. Babcock
ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

</div>

Dated: January 7, 2016                            Telephone: (202) 616-7678

---

[1] Should petitioner die before the entry of judgment, the parties reserve the right to move the court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.