# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0275V
Filed: October 27, 2016
TO BE PUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MAUREEN MCGRATH,                                 \* | |
| Petitioner,   \* | |
| v.   \* | Attorneys' Fees and Costs; |
| \* | Appropriate Hourly Rate; |
| SECRETARY OF HEALTH   \* | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES,   \* | |
| \* | |
| Respondent.   \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Isaiah Kalinowski, Maglio, Christopher and Toale, PA, (DC), Washington, DC, for petitioner.*
*Alexis Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 17, 2015, Maureen McGrath filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered "injuries resulting from adverse effects" of her August 28, 2012 tetanus, diphtheria, acellular pertussis ("Tdap") vaccination, including a tendon tear and left shoulder pain. Petition at 1, ¶¶ 3, 7. On January 7, 2016, the undersigned issued a decision awarding $85,000.00 in compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 32). Judgment entered on January 8, 2016. (ECF No. 34).

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 30, 2016, petitioner filed a motion requesting $17,948.70 in attorneys' fees and $2,710.11 in attorneys' costs for a total amount of $20,658.81 in attorneys' fees and costs.  Motion for Attorneys' Fees and Costs ("Pet. Motion") at ¶ 2 (ECF No. 37).  Petitioner incurred out-of-pocket expenses in the amount of $20.48.[3]  Thus, petitioner seeks a total award in the amount of $20,679.29.  For the reasons discussed below, the undersigned reduces this amount and awards **$16,742.70** in attorneys' fees, **$2,710.11** in attorneys' costs, and **$20.48** for petitioner's out-of-pocket expenses for a total award of **$19,473.29** in attorneys' fees and costs.

**I.    Procedural History**

Petitioner filed her petition on March 17, 2015, and the case was assigned to the Special Processing Unit ("SPU").  One week later, petitioner filed her medical records and statement of completion.  *See* Exhibits 1-17 (ECF Nos. 6-7); Statement of Completion (ECF No. 8).  An initial status conference was held on April 20, 2015.

Following the status conference, respondent was ordered to file a status report indicating how she intended to proceed in the case.  *See* Order, issued Apr. 24, 2015 (ECF No. 10).  Prior to that deadline, petitioner filed her affidavit addressing the basic statutory requirements contained in the Vaccine Act.  *See* Exhibit 18, filed as an Attachment on May 14, 2015 (ECF No. 11); *see also* § 11(c)(1) (requiring this affidavit).  Two weeks later, petitioner filed a status report clarifying that although petitioner correctly indicated in her affidavit that she "[had] never filed any civil action or suit against the manufacturer or administrator of the vaccination at issue, . . .[she had] file[d] a 'Notice of Injury and Claim' as required by the terms of § 893.80(1d)(a) of the laws of the State of Wisconsin in order to retain her right to such claim/suit" if she elected to reject the judgment received under the Vaccine Program.  *See* Status Report, filed May 29, 2015, at ¶¶ 2-3 (ECF No. 12); *see also* § 11(a)(2)(A) (requiring petitioners to pursue their claims in the Vaccine Program before filing a civil suit).  In light of this additional information, respondent's counsel requested that her current deadline be suspended until petitioner could file a notice of dismissal of her civil action.  *See* Order, issued June 4, 2015, at 1-2 (ECF No. 13).  Respondent's request was granted.  *Id.* at 2.

On July 7, 2015, petitioner filed a "Notice of Compliance" arguing that no civil action had been filed and thus, no evidence of dismissal was required.  (ECF No. 15).  Respondent was ordered to file a brief setting forth her arguments and the legal authority supporting her characterization of the notice as a civil action.  *See* Order, issued July 7, 2015 (ECF No. 16).  The next day, respondent's counsel informed the OSM staff attorney managing this SPU case that after further research, she agreed with petitioner's position that the notice filed in this case did not constitute a civil action.  *See* Order, issued July 9, 2016, at 2 (ECF No. 17).

---

[3] In compliance with General Order #9, petitioner filed a signed statement indicating she incurred out-of-pocket expenses in the amount of $20.48.  *See* Exhibit 22, filed as an Attachment to Pet. Motion.  Additionally, in accordance with General Order #9, petitioner's counsel indicated in the motion for attorneys' fees and costs that petitioner incurred out-of-pocket expenses in the amount of $20.48.  *See* Pet. Motion at ¶ 3.

2

On August 10, 2015, respondent filed her Rule 4 report conceding causation in this case. (ECF No. 18). A ruling on entitlement was issued the next day, finding petitioner entitled to compensation. (ECF No. 19).

During the subsequent five month period, the parties discussed the issue of damages in this case. On January 7, 2016, respondent filed a proffer to which petitioner agreed. (ECF No. 30). The same day, the undersigned issued a decision awarding $85,000.00 in damages to petitioner. Judgment entered on January 8, 2016. (ECF No. 34).

Petitioner filed her motion for attorneys' fees and costs on June 30, 2016. (ECF No. 37). Respondent filed her response approximately three weeks later. *See* Respondent's Response to Pet. Motion ("Res. Response"), filed July 18, 2016 (ECF No. 38). Respondent's response contained standard language she has included in numerous vaccine cases since early February 2016.

Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent further "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 to $14,000.00" but provides little basis or explanation for how she arrived at this proposed range. *Id.* at 3.

On October 13, 2016, petitioner filed receipts and other documentation in support of her request for costs. *See* Exhibit 25, filed as an Attachment (ECF No. 39). The issue is ripe for adjudication.

## II.    Legal Standard for Determining the Amount of Fees and Costs

Since petitioner was awarded compensation for her injury, she is entitled to an award of <u>reasonable</u> attorneys' fees and costs. § 15(e)(1) (emphasis added). As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521.

A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is very significantly lower than the forum rate. *Avera*, 515 F.3d at 1349. If these two requirements are met, the *Davis* exception applies, and that petitioner's

counsel is paid according to the local rate. *Id.*; *see Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees. *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). They are entitled to rely on their prior experience and, based on experience and judgment, may reduce the number of hours to an amount reasonable for the work performed. *Saxton*, 3 F.3d at 1521. A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson*, 24 Cl. Ct. at 484. She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

### III.  Appropriate Amount of Attorneys' Fees and Costs

#### A.  Appropriate Hourly Rates

Petitioner seeks attorneys' fees in the amount of $17,948.70 which reflects the following hourly rates: $361 for work performed in 2014-15 and $349 for work performed in 2016 by petitioner's counsel, Isaiah Kalinowski, and $95 to $145 for work performed by various paralegals at petitioner's counsel's firm, Maglio, Christopher & Toale, PA ("the Maglio firm"). Exhibit 20 at 1-14, filed as an Attachment to Pet. Motion (ECF No. 37).

To support the hourly rates sought, petitioner has filed declarations from Mr. Kalinowski and Altom Maglio, the managing partner at his firm. *See* Exhibits 23-24, filed as Attachments to Pet. Motion (ECF No. 37).

#### 1.  Hourly Rate for Petitioner's Counsel, Isaiah Kalinowski

According to Mr. Kalinowski's declaration, he was admitted to practice in New York on October 31, 2005. Exhibit 23 at ¶ 2. Following roughly eighteen months at a

litigation firm specializing in areas other than vaccine law, he worked as a law clerk in the Office of Special Masters, U.S. Court of Federal Claims, for almost four years.  *Id.* at ¶ 6.  After leaving the court in late 2010, he joined the Maglio firm as the first full-time employee of the Washington, DC office.  *Id.* at ¶¶ 6-7.  His practice consists primarily of Vaccine Program cases, and he has presented CLE-accredited programs at the three most recent judicial conferences of the U.S. Court of Federal Claims.  *Id.* at ¶¶ 8-9.  As explained in Mr. Maglio's declaration, Mr. Kalinowski's rates were set by the law firm's fees committee in light of the court's recent decision in *McCulloch*.[4]  Exhibit 24 at ¶ 14.

In the *McCulloch* case, Special Master Gowen exhaustively examined the question of appropriate hourly forum rates in the Vaccine Program following the breakdown of respondent's long standing agreement with petitioner's counsel in that case.  *See McCulloch*, 2015 WL 5634323, at *3-4 (for background information regarding these events).  Special Master Gowen determined the appropriate rates for the attorneys at that firm but also established tiered ranges of appropriate forum rates based on years of legal experience.  The reasoning and hourly rates set in *McCulloch* have since been widely followed.

After discussing the potential approaches to setting a forum rate and reviewing cases and material from both within and without the Vaccine Program, Special Master Gowen concluded in *McCulloch* that the following factors should be considered when determining the appropriate hourly rate: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large.  *McCulloch,* 2015 WL 5634323, at *17.  He calculated the following ranges for reasonable forum rates in Vaccine Program cases:

> $350 to $425 per hour for attorneys with 20 or more years of experience;
> $300 to $375 per hour for attorneys with 11 to 19 years of experience;
> $275 to $350 per hour for attorneys with eight to ten years of experience;
> $225 to $300 per hour for attorneys with four to seven years of experience; and
> $150 to $225 per hour for attorneys with less than four years of experience.

*Id.* at *19.  Special Master Gowen noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases."  *Id*.  He added that an attorney's level of experience may be increased for legal work performed during law school such as an internship in the Vaccine Program or prior judicial clerkship, especially for attorneys with experience of less than four years.  *Id.*  The undersigned finds the *McCulloch* decision, which is

---

[4] *McCulloch v. HHS*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Although the parties in *McCulloch* did not seek review, much of the reasoning of the *McCulloch* decision was later examined approvingly in *Garrison v. HHS*, No. 14-762V, --- Fed. Cl. ---, 2016 U.S. Claims LEXIS 1274, (Fed. Cl. Aug. 17, 2016).

extensively reasoned, to be highly persuasive and adopts its reasoning, as well as the above ranges, for the instant analysis.

Since Mr. Kalinowski is located in the forum, Washington, DC, he is unquestionably entitled to forum rates. Thus, it is only necessary to determine his years of experience and hourly rate within the appropriate range considering the factors described by Special Master Gowen.  Mr. Kalinowski had nine to ten years of experience in 2014-15 and did not reach the 11 year level until 2016.  Nevertheless, petitioner requests an hourly rate of $361 for 2014-15 which is greater than the range proposed in *McCulloch* for an attorney with eight to ten years, $275 to $350 per hour. Additionally, the amount requested for Mr. Kalinowski's work is closer to the rate paid in *McCulloch* for work performed by Ms. Chin-Caplan (an attorney with 30 years of legal experience) than the rate paid for work performed by several associates with only two to three years less experience than Mr. Kalinowski.[5]  An examination of fee decisions for other attorneys being paid at forum rates reveals that the rate requested by petitioner is higher than the rate awarded attorneys with greater legal experience, including substantial experience in the Vaccine Program.  *See, e.g.*, *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *11 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (awarding an hourly rate of $350 for Andrew Downing, an attorney with 19 years of legal experience).

Two of my colleagues recently addressed the issue of Mr. Kalinowski's rate for work performed in 2014-15.  *See Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 2015 WL 3526559 (Fed. Cl. Spec. Mstr. May 15, 2015), *aff'd* 124 Fed. Cl. 224 (2015); *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  In *Scharfenberger*, the special master determined that attorneys' fees should be awarded based upon an hourly rate of $305 for Mr. Kalinowski's work performed in 2014.  2015 WL 3526559, at *10.  In *O'Neill*, the special master determined that it was appropriate to award a slightly higher rate of $325 per hour for work performed by Mr. Kalinowski in 2012-13.  2015 WL 2399211, at *7.  The

---

[5] Specifically, the following rates were awarded in the *McCulloch* decision:

| | |
|---|---|
| Kevin Conway (45 years legal experience, 26 years vaccine experience) | $415 |
| Ronald Homer (24 years legal experience, 22 years vaccine experience) | $400 |
| Sylvia Chin-Caplan (30 years legal experience, 22 years vaccine experience) | $400 |
| Christine Ciampolillo (6 years vaccine experience) | $300 |
| Amy Schwader (7 years vaccine experience) | $285 |
| Joseph Pepper (6 years legal experience, 5 years vaccine experience) | $290 |
| Meredith Daniels (5 years vaccine experience) | $280 |
| Law Clerks | $145 |
| Paralegals | $135 |

*McCulloch*, 2015 WL 5634323, at *19-21.

undersigned agrees that Mr. Kalinowski's 2014-15 work should be compensated at a rate of $325 per hour which falls in the upper half of the applicable *McCulloch* range.

For work performed in 2016 by Mr. Kalinowski, petitioner requests an hourly rate of $349 which is actually lower than the rate requested for 2014-15.  In 2016, Mr. Kalinowski moved into the next higher *McCulloch* range, 11 to 19 years of experience.[6] The *McCulloch* range for this level of experience is $300 to $375.  Thus, the rate requested for Mr. Kalinowski's work in 2016 is within the appropriate *McCulloch* range, though in the upper half of this range.  Again, Mr. Kalinowski's time as a law clerk and extensive experience in the Vaccine Program warrant a higher hourly rate within his corresponding *McCulloch* range.  The undersigned finds the requested rate to be appropriate.

Considering Mr. Kalinowski's skill, experience, quality of work, and reputation and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that the appropriate hourly rate for Mr. Kalinowski's work performed in 2014-15 is $325 and in 2016 is $349.

### 2. Paralegal Rates

As indicated in Mr. Maglio's declaration, the paralegals who are Florida Registered Paralegals bill at a rate of $135 per hour, those who do not have this designation bill at a rate of $95 to $105, and paralegals working in the Washington, DC office bill at a rate of $145 per hour.  Exhibit 24 at ¶¶ 22, 24-25.  In this case, the initial paralegal work was billed at a rate of $135.  Thereafter, paralegal work was billed at a rate of $95 or $145, depending upon the particular paralegal performing the work.

In the same decisions cited above, *Scharfenberger* and *O'Neill*, my colleagues also addressed the issue of paralegal rates for the Maglio firm.  See *Scharfenberger*, 2015 WL 3526559, *aff'd* 124 Fed. Cl. 224 (2015); *O'Neill*, 2015 WL 2399211.  The special master in *Scharfenberger* found the rates up to and including $125 to be appropriate but reduced all higher rates to that maximum amount.  2015 WL 3526559, at *10.  The special master in *O'Neill* accepted all rates as reasonable, but the highest rate billed in that case was $135 per hour.  2015 WL 2399211, at *14.

The undersigned finds that the rates billed for paralegal work in this case are reasonable and will compensate petitioner at those rates.

---

[6] Although Mr. Kalinowski reached this 11 year mark on October 31, 2016, the undersigned declines to penalize him for providing more accurate information than is often provided in these cases, i.e. the exact date of his licensure rather than simply the year.  Exhibit 23 at ¶ 2.  Going by the year of his licensure, Mr. Kalinowski is considered as being in the 11 to 19 year range for work performed in 2016.

### B. Appropriate Amount of Costs

Petitioner seeks payment for costs totaling $2,710.11. *See* Exhibit 21. Petitioner has included the receipts or other documentation for the majority but not all of these costs.

"It is petitioners' burden to substantiate costs expended with supporting documentation such as receipts, invoices, canceled checks, etc." *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004). Special masters, however, have awarded compensation for costs without documentation when "satisfied that the costs incurred were related to the proceedings . . . and were reasonable." *Erickson v. Sec'y of Health & Human Servs.*, No. 96-361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also Ceballos*, 2004 WL 784910, at *13; *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *14-15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).

In this case, petitioner has failed to provide receipts for four items, all are costs for shipping documents to petitioner or the Department of Health and Human Services. *See* Exhibit 21 at 1-2 (entries dated 6/23/14, 3/17/15, 8/28/15, and 3/3/16). The total cost for these four items is $90.63.

The undersigned finds the undocumented amounts in this case to be reasonable and related to the proceedings in this case. Petitioner is awarded the full amount of costs requested.

### C. Amount Deducted

Petitioner billed 33.5 hours of time for work performed by Mr. Kalinowski in 2014-15 at a rate of $361. The undersigned has determined that an appropriate rate for Mr. Kalinowski's work in 2014-15 is $325. Thus, petitioner's award is reduced by the resulting difference, **$1,206**.

**Attorneys' Fees:**

| Category of Hours | Hours Sought | Hours Paid | Rate Sought | Rate Paid | Amount Deducted | Amount Paid |
|---|---|---|---|---|---|---|
| 2014-15 Work by Mr. Kalinowski | 33.5 | 33.5 | $361 | $325 | $1,206 | $10,887.50 |
| 2016 Work by Mr. Kalinowski | 5.8 | 5.8 | $349 | $349 | $0 | $2,024.20 |
| Paralegal Work | | | $95 to $145 | $95 to $145 | $0 | $3,831 |
| | | | | | | |
| **Total for Fees** | | | | | $1,206 | **$16,742.70** |

## IV. Conclusion

The undersigned has determined that an appropriate hourly rate for petitioner's counsel in this case, Mr. Kalinowski of Maglio, Christopher & Toale, PA is $325 for work performed in 2014-15 and $349 for work performed in 2016. No other other deductions are warranted.

The undersigned awards **$16,742.70** in attorneys' fees, **$2,710.11** in attorneys' costs, and **$20.48** for petitioner's out-of-pocket expenses for a total award of **$19,473.29**[7] **as follows:**

- **A lump sum of $19,452.81, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Isaiah Kalinowski; and**

- **A lump sum of $20.48, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

                                                   **s/Nora Beth Dorsey**
                                                   Nora Beth Dorsey
                                                   Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.